IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRENCE EDWARD HAMMOCK, | : | |
| Petitioner | : | |
| v. | : | |
| | : | CIVIL NO. 4:CV-04-1981 |
| WARDEN JOHN NASH, ET AL., | : | (Judge McClure) |
| Respondents | : | |

## ORDER

January 17, 2006

**Background**

Terrence Edward Hammock ("Petitioner") filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania ("FCI-Schuylkill"). Hammock claims entitlement to federal habeas corpus relief on the grounds that he was denied due process during an institutional disciplinary hearing.

This Court previously concluded that an evidentiary hearing should be conducted with respect to the Petitioner's surviving claims that Disciplinary Hearing Officer ("DHO") Bittenbender improperly considered confidential source information ("CSI") and that the resulting finding of guilt was not supported by the evidence. By Order dated November 7, 2005, this Court granted Petitioner Terrence Hammock's request for appointment of counsel.   An evidentiary hearing is scheduled for January

1

31, 2006.

On December 15, 2005, this Court granted the Respondents' motion to expand the record and accepted for consideration the attached declarations of DHO Bittenbender and Investigating Officer J. Tomlinson.  The Order also directed the Respondents to submit for *in camera* review the confidential investigative report provided to the DHO by Tomlinson.   The only remaining pre-hearing determination required of this Court is whether the *in camera* submission should be provided to Petitioner and/or his counsel.[1]

**Discussion**

The United States Court of Appeals for the Third Circuit has directed that when a prison disciplinary tribunal's decision is based on information received from a CSI, the two prong test announced in Gomes v. Travisano, 510 F.2d 537 (1st Cir. 1974), must be satisfied in order to guarantee due process.  Helms v. Hewitt, 655 F.2d 487 (3d Cir. 1981), rev'd on other grounds, 459 U.S. 460 (1983).

In Gomes, the First Circuit held that:

> 1) The record must contain some underlying factual information from which the Board can reasonably conclude that the informant was credible or his information reliable;
>
> 2) The record must contain the informant's statement in language that is factual rather than conclusionary and must establish by its specificity that the informant spoke with personal knowledge of the matters contained in such statement.

---

[1] The Respondents do not assert that their supplemental submissions alleviate the need for an evidentiary hearing.

Gomes at 540.

Based on this Court's review of the entire record, including the *in camera* submission it remains our conclusion that there is still a material factual dispute as to whether the DHO relied upon CSI evidence in rendering his decision. With respect to the *in camera* submission, a portion of Tomlinson's investigative report states that in documentation provided by a correctional employee, the employee stated that an inmate he spoke with had identified Hammock (via his nickname) as being responsible for the stabbing in Unit 4B. See Record document no. 43, p. 3, ¶ 5. No other details regarding the attack were provided. DHO Bittenbender acknowledges that he relied upon said information in rendering his decision.

The investigative report contains information which could conceivably reveal the identity of the inmate who provided the information set forth in ¶ 5. It also appears that the summary of ¶ 5 set forth above may provide the Petitioner with sufficient information to adequately pursue his present claims. Therefore, the *in camera* submission will not be provided to the Petitioner at this time. See Henderson v. Carlson, 812 F. 2d 874, 880 (3d Cir. 1987). However, if future proceedings demonstrate the need for additional disclosure of the contents of the *in camera* submission, this determination will be reconsidered. Consequently,

**IT IS HEREBY ORDERED THAT:**

      1.    The evidentiary hearing scheduled for January 31, 2006 will proceed.

      2.    The Respondents' *in camera* submission shall not be provided to the Petitioner.

3

                      <u>s/ James F. McClure, Jr.</u>
                      JAMES F. McCLURE, JR.
                      United States District Judge